**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>Domingo Agustin-Simon,<br><br>        Defendant/Movant. | No. CV-16-02715-DGC (ESW)<br>     CR-11-1622-005-PHX-DGC<br><br>**ORDER** |

Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on August 10, 2016. Doc. 1. On October 5, 2017, Judge Willett issued an R&R recommending the Court deny the motion. Doc. 18. The docket reflects that a copy of the R&R was mailed to Movant on October 6, 2017, the prison did not return the mail, and Movant did not object. On November 7, 2017, the Court adopted the R&R and denied Movant's motion. Doc. 19.

Movant has filed a motion to vacate the November 7 judgment and for leave to amend his motion to vacate his sentence under § 2255. Doc. 21. Movant also filed an amended motion to vacate his sentence. Doc. 22. In his motion to vacate the judgment, Movant asserts that he did not receive a copy of Judge Willett's October 5 R&R and therefore could not file an objection. Doc. 21 at 2, 4. Movant also discusses new claims that he seeks to include in an amended § 2255 motion. *Id.* at 4-7.

On July 20, 2018, Judge Willett screened the motion and issued an R&R, recommending that:

1. The Court deny Movant's "Motion to Vacate Judgement and Motion for Leave to Amend Motion to Vacate Under 28 U.S.C. § 2255" (Doc. 21).

2. The Court direct the Clerk of Court to provide Movant with a copy of the form approved by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2254 or § 2255.

3. The Court strike the "Amended Motion to Vacate Under § 2255" filed on March 5, 2018 (Doc. 22).

4. The Court decline to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.

Doc. 32 at 4.

Judge Willett found that Movant failed to support his assertion that he did not receive a copy of the October 5 R&R, did not request an opportunity to object to the October 5 R&R, and attempted to raise new claims related to the merits of his conviction, not defects in the proceedings. *Id.* at 3.

**I.     Legal Standard.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

**II.    Discussion.**

Movant states two objections to Judge Willett's July 20 R&R. Doc. 36 at 1. First, he asserts that his motion to vacate the November 7 judgment does not attempt to raise new claims on the merits of his conviction. Doc. 36 at 2. Rather, Movant states that he challenges the denial of his § 2255 petition "on the basis that he never received a copy of the Magistrate's Report and Recommendation." *Id.* Movant reasserts that he never

received the October 5 R&R, and that he has still not received a copy. *Id.* at 3. Second, Movant objects to Judge Willett's finding that he failed to rebut the presumption that he received a copy of the October 5 R&R because it was mailed and not returned. *Id.* at 4.

### A. Motion to Vacate the Court's November 7, 2017 Judgment.

Rule 60(b) allows the Court to grant a party relief from judgment in cases of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Excusable neglect under the federal rules 'is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *In re Gilman*, 887 F.3d 956, 964 (9th Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). In deciding whether to set aside a judgment under Rule 60(b), the Court must consider three factors: (1) whether the moving party engaged in culpable conduct, (2) whether it had no meritorious defense, or (3) whether reopening the judgment would prejudice the other party. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The Ninth Circuit has reiterated that courts "prefer to resolve cases on the merits." *In re Gilman*, 887 F.3d at 964.

Although not erroneous, the Court will not accept Judge Willett's finding that Movant received a copy of the October 5 R&R and has therefore waived his right to file an objection. Movant has repeatedly demonstrated an ability and willingness to respond to filings in his case on other occasions. *See* Docs. 5, 7, 8, 9, 12, 13. He has not previously claimed that he did not receive a copy of a filing as an explanation for unresponsiveness. And he maintains that he did not, and still has not, received a copy of the October 5 R&R. Without receiving a copy of the R&R, either due to mistake, inadvertence, or excusable neglect, Movant was not able to file an objection on the merits of his motion. Thus, in the interest of justice and the Court's preference for deciding cases on the merits, the Court will vacate its November 7, 2017 judgment (Doc. 19) and allow Movant to file an objection. *See Signed Pers. Check No. 730 of Yubran S. Mesle*,

615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

### B. Leave to Amend Movant's August 10, 2016 Motion.

Movant requests leave to amend his initial § 2255 petition, filed on August 10, 2016. Doc. 21. Over a year after his first petition, Movant's motion for leave to amend raises new claims about the merits of his convictions, including the constitutionality of a statute under which he was convicted and ineffective assistance of trial counsel. *Id.* at 5-6. Movant cites Supreme Court and Ninth Circuit decisions that were decided in 2015, well before he filed his first § 2255 petition. Movant does not explain why he did not raise these claims in his initial pleading, nor does he explain how his claims relate back. *Id.* at 6-7. Movant has unduly delayed in seeking leave to amend. Granting his motion at this point would prejudice the government by beginning the proceedings anew. Movant may not now amend his petition and raise these new claims.

### C. Conclusion.

The Court will vacate its November 7, 2017 judgment and allow Movant to file an objection to Judge Willett's October 5, 2017 R&R. Movant's objection should address only the R&R's findings. Movant may not now raise new claims, and he may not amend his initial § 2255 motion.

Nothing in the Court's order prevents Movant from seeking leave from the Ninth Circuit Court of Appeals to file a second or successive petition or motion under 28 U.S.C. § 2255. The Court will direct the Clerk of Court to provide Movant with a copy of the approved form.

**IT IS ORDERED:**

1. Movant's motion to vacate judgment (Doc. 21) is **granted in part**, as explained above. The Clerk of Court is directed to **vacate** the Court's November 7, 2017 judgment and to send Movant a copy of the October 5, 2017 Report and Recommendation issued by Magistrate Judge Eileen S. Willet (Doc. 18). Movant shall have until December 21, 2018 to file an objection to the Report and Recommendation.

2. Movant's motion (Doc. 21) for leave to amend his petition (Doc. 1) is **denied**.

3. The Clerk of Court is directed to strike Movant's Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. 22).

4. The Clerk of Court is directed to provide Movant with a copy of the form approved by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2255.

Dated this 28th day of November, 2018.

David G. Campbell
Senior United States District Judge